## CROLL et v TOLEDO TRUST CO

Ohio Appeals, 6th Dist, Lucas Co

No 2592. Decided Nov 23, 1931

Alfred J. Croll and Scott Stahl, Toledo, for plaintiffs in error.

Eversman, Williams & Morgan, Toledo, for defendant in error.

LLOYD, J.

Of the errors of which complaint is made we shall comment upon the following only:

1. The granting of the motion of plaintiff to strike from the files the answer of. Lillian Croll;

2. The alleged want of jurisdiction of the court to render a personal judgment against Lillian Croll, and

3. The entry of that judgment before the filing by Alfred J. Croll of the cross-petition which the court had given him leave to file.

In our judgment the court did not err in granting the motion of plaintiff to strike the answer of Lillian Croll from the files. The petition alleges the execution and delivery of the note, "a copy of which, with all endorsements thereon, is as follows", a copy of the note with endorsements thereon being then set out, and as pleaded it shows that the maker was at the time of the filing of the petition in default in payments therein provided thereby to be made and that plaintiff at its option was entitled to declare the entire amount remaining, due and payable. In its second cause of action the plaintiff alleges that the defendant has defaulted in payment of principal and interest and has been so in default for more than thirty days and "that by reason thereof the whole of said principal sum is now due and payable". No time was provided either in the note or the mortgage as to when this option should be exercised after the default had continued for thirty days. The answer alleges no facts which contravene the allegations of the amended petition of the plaintiff. The bill of exceptions discloses that no evidence was produced at the hearing on the motion, even tending to show that payments of principal and interest other than those endorsed on the note, had been made. No claim was made by Mr. Croll, who was a witness and testified at the hearing, that any additional sums had been paid thereon, nor did he, as the attorney for Lillian Croll, request leave of the court to amend the answer, specifically and affirmatively alleging therein, any additional payments claimed to have been made.

It seems to us, therefore, that in any event there was no prejudicial error in the order of the court striking the answer from the files.

It is said that §11282 GC, prohibits the entry of a personal judgment on a note against Lillian Croll because the note was her individual note and she was a resident of Erie County. A sufficient answer to this contention is that by filing motions, a demurrer and an answer, without reserving or raising therein the question of jurisdiction, she waived the right thereafter to make such claim, and if that were necessary, entered her appearance to the action commenced by the plaintiff on the note and mortgage.

As to the claim of Alfred J. Croll that the court erred as to him in entering a decree adjudging the priority of liens before his cross-petition was filed, we agree. Having given him until July 30th to file an answer and cross-petition to plaintiff's amended

petition, he had that time in which to file same and the entry by the court of its judgment on July 23rd was erroneous as to him whose answer and cross-petition had not then been filed and in which, when filed, he claims to have a lien on the property in question prior to that of the plaintiff's mortgage.

The judgment and decree of the court of common pleas is affirmed as to the defendant Lillian Croll and reversed as to the defendant Alfred J. Croll, the case being hereby remanded as to him for further proceedings according to law, not inconsistent herewith.

RICHARDS and WILLIAMS, JJ, concur.